ROGERS, KETCHUM & GROSVENOR *v.* THE NEW JERSEY INSU-
RANCE COMPANY and WILLIAM STEVENS.

P., being indebted to R. K. & G., partners, gave them his note for the amount, dated
June 29th, 1843, payable in ninety days, and, as collatteral security, executed and
delivered, at the same time, to R. a power of attorney authorizing him, in the name
of P., to sell, assign and transfer ten shares of stock of the New Jersey Insurance
Company, standing in P.'s name, on which $300 had been paid; and P., at the same
time, delivered to R., for the partnership, a certificate of the said Company that
there were then standing in P.'s name on the books of said Company ten shares of
stock, transferable only on the books of the Company. The note was not paid. On
the 14th of January, 1846, the said shares were sold, pursuant to previous adver-
tisement, by the Sheriff of Essex county, on a judgment obtained by S. against P.,
and bought by S. at that sale, and were transferred by the Sheriff to S. on the books
of the Insurance Company. S. had notice of the facts before his purchase. On the
29th of August, 1846, the said power of attorney and certificate were presented to
the Insurance Company, and they were requested to permit the transfer on their
books of said shares to R., which they declined. *Held,* that the complainants were
entitled to relief.

On the 14th of March, 1848, Thomas Rogers, Morris Ketch-
um and Jasper Grosvener, partners, &c., exhibited their bill,
stating, that Andrew Parsons, being indebted to them in
$304.65, did, in order to secure the payment thereof, make and
deliver to them his note, dated June 29th, 1843, for the pay-
ment to them of said sum in ninety days, for value received,
without defalcation or discount, and, as a further security for the
payment of the same, did, on the same day and year, execute
under his hand and seal and deliver to said Thomas Rogers, one
of said firm, a power of attorney, bearing date the same day,
constituting the said Thomas Rogers his attorney, for him and
in his name and behalf to sell, assign and transfer ten shares in
the capital stock of the " New Jersey Insurance Company, at
Newark, upon which $300 had been paid; and by the same
power of attorney did authorize said Thomas Rogers to appoint
one or more attorney or attornies under him, with like powers;
and at the same time the said Andrew handed over and delivered
to the complainants a certificate of the said " The New Jersey
Insurance Company," marked No. 35, and dated May 8th, 1835,

which certified that there were then standing in the name of the said Andrew Parsons, in the books of said Company, ten shares of capital stock, which were transferable only on the books of said Company, and which was signed by F. H. Smith, Secretary of said Company,[1] and on which certificate there were endorsements signed by said F. H. Smith, acknowledging that he had received the first instalment of $5, and the second instalment of $25, on each share of said stock; by virtue of which power of attorney and delivery of certificate, the said Andrew Parsons was divested of all interest over said shares, and the same became vested in the complainants when said note became due and unpaid.

That the said note was not paid when it became due, and still remains unpaid; and that Parsons has been for some time past and now insolvent, as complainants believe.

That, by virtue of said power of attorney, the said Thomas Rogers did, on the 28th of August, 1846, execute, under his hand and seal, and deliver to A. O. Boylan, of Newark, a power of attorney, of that date, constituting said A. O. Boylan his attorney, for him and in the name of said Parsons to assign and transfer unto J. Mortimer Hall ten shares of the capital stock of said Company, upon which $300 had been paid, that were standing in the name of Andrew Parsons on the books of said Company, on the 8th of June, 1843, and also to collect and recover any dividend or dividends which may have been declared thereon and not paid to said Andrew Parsons; and that the transfer of said shares to be made to said Hall in pursuance of said power of attorney was to enure to and for the benefit of the complainants.

That on the 29th of the same month of August, the said Boylan called at the office of the said Insurance Company, presented the said certificate and the said power of attorney to the said Secretary of said Company, and requested from him permission to transfer to said Hall in the name of said Parsons, by virtue of said power of attorney, the said ten shares, on the books of said company, and payment over to him, said Boylan, of any dividends which had been declared thereon and not paid to said Parsons; to which request the said Secretary replied, that there was no stock standing in the name of said Parsons on the books

of said Company, as the same had already been transferred by the Sheriff of Essex to William Stevens, and he refused to pay any dividend that had been declared upon the said stock.

That the complainants have been informed and believe, that a suit was commenced some time since, they do not know when in particular, by said Stevens against said Parsons, in the Supreme Court; and that judgment was obtained therein; but when and for what sum the complainants are ignorant; and that execution was issued thereon to the sheriff of Essex, who levied on said ten shares of stock as the property of said Parsons. That said shares were advertised by said sheriff to be sold on the 14th of January, 1846, to satisfy said execution.

That said Thomas Rogers, as soon as he was informed of said advertisement, caused a notice in writing to be given, on the 13th of January, 1846, to the said Sheriff of Essex, that the said stock so levied on by him was, by a power of attorney dated June 29th, 1843, duly executed by said Andrew Parsons to him said Thomas Rogers, assigned and transferred to him as collateral security for a note, dated on that day, given by said Parsons to Rogers, Ketchum & Grosvenor, for $304.66; and that the said stock was then held by him said Thomas Rogers for the purpose aforesaid; and also that at the sale of said ten shares made by said Sheriff, on the 14th of January, 1846, and before the same were sold, he caused the contents of said notice to be publicly made known among the bidders at the said sale and other persons present thereat. That William Stevens became the purchaser at said Sheriff's sale of said ten shares, then standing in the name of said Parsons on the books of said Company, for $20 a share; and that, at the time of said purchase, and some time prior thereto, the said Stevens, as the complainants have been informed and believe, well knew of the existence of the power of attorney given as aforesaid by said Parsons to said Thomas Rogers, and that said Stevens indemnified the said Sheriff previous to said sale, for his proceeding thereon.

That the complainants are informed and believe that the said ten shares were, after said sale, transferred by said Sheriff to said Stevens on the books of said Company, the said Company well knowing at the time of said transfer of the existence of said

power of attorney so given for the purpose aforesaid by said Parsons to said Thomas Rogers.

That Silas D. Canfield, of Paterson, by virtue of a power of attorney, dated January 29th, 1846, given to him by said Thomas Rogers, for the transfer of said ten shares, applied to the Secretary of said Company, at the office of said Company on the same day and a day or two thereafter, to permit him to transfer said ten shares on the books of the Company to and for the use and benefit of the complainants, he the said Canfield at the same time exhibiting the last mentioned power of attorney and the above mentioned certificate of stock to the said Secretary; which he refused to do; and that this application was made previous to the said transfer of said shares to said Stevens, as the complainants have understood and believe and therefore charge.

That the said Thomas Rogers acted in the above transaction as agent for and in behalf of said firm of Rogers, Ketchum & Grosvenor; and that said power of attorney so given by Parsons to Thomas Rogers was given as collateral security for the payment of said note of $304.66, and was made for the benefit of said firm.

The bill prays, that the said Company may be decreed to permit the said ten shares to be transferred by said A. O. Boylan on the books of said Company, by virtue of said powers of attorney or to permit said Thomas Rogers, by virtue of said power of attorney given to him by Parsons, to transfer said shares, on the books of the Company, to the complainants; or that said Stevens may be decreed to transfer the same to them. And that, in the mean time, the said Company may be enjoined from permitting said shares to be transferred on the books of the Company, and from paying any dividend to be declared thereon; and that said Stevens may, in like manner, be injoined from transferring the same; and for such other and further relief, &c.

William Stevens put in his separate answer. He says, that, at the time of the Sheriff's levy on said stock, the Sheriff was informed there was no lien on said stock, but the same was the property of said Parsons, no notice having been given of any as-

signment or transfer; nor did this defendant, at the time said levy was made, know or had he heard of any person having a claim on said stock except said Parsons, who had always to that time drawn the dividends declared semi-annually on said stock, without his or any other person's having given notice of any transfer thereof.

He says, that, after he became the purchaser at said Sheriff's sale, the said shares were assigned to him by the said Sheriff on the books of the Company.

He admits that at the sale a notice was given, on the part of the complainants or some other person, that said shares had been pledged or a power of attorney given to transfer the same to the complainants or some other person or persons; and that he purchased said stock after such notice had been given; but he says, that by the charter of said Company the stock is to be transferred only according to such rules or by-laws, and in such manner, as shall be made by the directors for the purpose; and that, by a by-law of said Company, the stock is transferrable only on the books of the Company; and the certificate of stock issued by the Company to said Parsons contains a notice that the stock was transferrable only on the books of the Company, of which fact the said Parsons and the complainants and said Thomas Rogers had notice.

The answer of the Company is in substance the same.

Depositions were taken, and the cause was brought to hearing on the pleadings and evidence.

*A. S. Pennington*, for the complainants, cited 8 *East*. 476; *Bingham on Execution*, 112; 11 *Wennd*. 628; 2 *Sandford's Ch*. 9; 20 *Wend*. 9; 22 *Ib*. 348.

*L. C. Grover* for the defendants.

THE CHANCELLOR.  The facts show that there was, at least, an equitable hypothecation of the ten shares of stock to secure the payment of the note.

And it is shown that the purchaser of the shares at the Sheriff's sale, under his judgment and execution at law, had notice of the hypothecation before the sale.    The complainants are entitled to relief.

Decree for complainants.